IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY STEVEN WITHROW, | No. CIV S-12-0021-LKK-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| THE GOVERNMENT OF CALIFORNIA, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil

Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Plaintiff names the following as defendants: the State of California, the "Government of California," and "all acting politicians and judges." Plaintiff, who is a white supremacist[1], alleges that defendants are committing genocide against the "White Aryan Caucasian Peoples." As a remedy, plaintiff seeks the death of the defendants.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation. See Neitzke, 490 U.S. at 325. The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327. The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. The court need not accept the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or delusional. See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328). Finally, a complaint may be dismissed as frivolous if it merely repeats pending or previously litigated claims. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

/ / /

/ / /

/ / /

---

[1] Plaintiff attaches to his complaint a document indicating that he is a member of the Ku Klux Klan of California.

1    The court finds that plaintiff's allegations in this case are frivolous.  Specifically,
2 there is no arguable basis in law or fact to support plaintiff's claim that defendants are liable for
3 the genocide of any particular race of people.  Nor is there any basis in law or fact to support
4 plaintiff's requested remedy of the death of defendants.
5    Based on the foregoing, the undersigned recommends that this action be dismissed
6 with prejudice.
7    These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
9 after being served with these findings and recommendations, any party may file written
10 objections with the court.  Responses to objections shall be filed within 14 days after service of
11 objections.  Failure to file objections within the specified time may waive the right to appeal.
12 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 11, 2012

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE